**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**BEAUMONT DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA** § | |
| § | |
| § | |
| **v.** § | **CASE NUMBER 1:17-CR-105-1-MJT** |
| § | |
| § | |
| **JOSEPH DEE CARTER** § | |

## REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

The Defendant, Joseph Dee Carter ("Carter"), filed his third *pro se* Motion for Early Termination of Supervised Release on January 27, 2025. (Doc. #60.) The Probation Department with the Eastern District of Texas is opposed to early termination of supervised release. The Government filed a response opposing early termination. (Doc. #62.) Pursuant to 28 U.S.C. § 636(b), the Local Rules for the United States District Court for the Eastern District of Texas, and a specific referral order (doc. #63), this motion is before the undersigned United States magistrate judge for review and submission of a report with recommended findings of fact and conclusions of law.

## I. BACKGROUND

On March 22, 2018, Carter was sentenced to 77 months' imprisonment and 3 years of supervised release for bank robbery. (Doc. #37.) Special conditions were also imposed, including drug testing and treatment, financial disclosure, no consumption of alcoholic beverages, alcohol testing, substance abuse counseling, mental health counseling (anger management), and $100 special assessment fee. On January 13, 2023, Carter began his term of supervised release.

On August 21, 2023, Carter filed a previous motion for early termination of his supervised release (doc. #53), which was denied because the Defendant had not yet completed one year of his

supervised release term as required by statute. On January 8, 2024, Carter filed a second motion for early termination of his supervised release, which was denied on its merit. (Docs. #55, #57, #59.)

In his current third motion, Carter again asks the court to terminate his supervision after serving a little over two years of his supervision term. (Doc. #60.) He states that he has successfully complied with the terms of his release, has been gainfully employed, received an associate degree from Lamar State College, successfully completed alcohol/substance abuse treatment as well as mental health (anger management) courses, and supports his wife and children. (*Id.*)

## II. DISCUSSION

A court may, after considering the factors set forth in section 3553[1], terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice. 18 U.S.C. § 3583(e)(1).

District courts enjoy considerable discretion in determining when the interest of justice warrants early termination. *United States v. Tacker*, 672 F. App'x 470, 471 (5th Cir. 2017); *United States v. Jeanes*, 150 F.3d 483, 484-85 (5th Cir. 1998); *United States v. Lynn*, No. S90- 00053(P), 2022 WL 2446328, at *3 (S.D. Miss. May 31, 2022). Compliance with the terms of supervised

---

[1] Section 3553(a) directs courts to consider: the nature and circumstances of the offense and the defendant's history and characteristics; the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; the need to deter criminal conduct; the need to protect the public; the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; the kinds of sentences and sentencing ranges established for defendants with similar characteristics under applicable Sentencing Commission guidelines and policy statements; any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; the need to avoid unwarranted disparities among similar defendants; and the need to provide restitution to the victim. 18 U.S.C. § 3553(a).

release and with the law alone is not enough to merit early termination because such conduct is expected and required. *United States v. Seymore*, No. CR07-358, 2023 WL 3976200, at *1 (E.D. La. June 13, 2023) ("[C]ourts have generally held that something more than compliance with the terms of [supervised release] is required to justify an early termination . . . ." (quoting *United States v. Smith*, No. 10-cr-53-DPJ-FKB, 2014 WL 68796, at *1 (S.D. Miss. Jan. 8, 2014)); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020) (finding that the conduct of the defendant did not warrant early termination of supervised release, as the defendant sought relief based on his circumstances and the alleged conduct of others) (citing 18 U.S.C. § 3583(e)(1)). There must be a showing of "exceptional circumstances to justify the court's exercise of its discretion to terminate his supervised release early or any circumstances that render his term or conditions of release either too harsh or inappropriately tailored to serve Section 3553(a)'s goals." *United States v. Hartman*, No. 3:00-CR-228-B, 2013 WL 524257, at *3 (N.D. Tex. Jan. 18, 2013), *R. & R. adopted*, 2013 WL 540490 (N.D. Tex. Feb. 13, 2013); *see also United States v. Guidry*, No. 3:19-CR-332-S, 2020 WL 908542, at *1 (N.D. Tex. Feb. 13, 2020) ("Caselaw is also consistent in that early termination is discretionary and is warranted only in cases where the defendant shows changed circumstances, such as exceptionally good behavior.") (quoting *United States v. Jones*, No. V-11-21, 2013 WL 2417927, at *1 (S.D. Tex. June 4, 2013), *R. & R. adopted*, 2020 WL 906303 (N.D. Tex. Feb. 25, 2020)).

Although it appears that Carter has been compliant while on supervised release and the court commends his education and employment accomplishments, the court agrees with probation and the government that his compliance merely demonstrates that he is fulfilling the baseline expectation for anyone on supervised release. Carter has not alleged any new circumstances different than he previously asserted in his first two motions for early termination. For the same

reasons previously noted by the court, continuing his supervision term would be in the best interest of the community. He was convicted of a serious offense and has an extensive criminal history involving violence and a prior revocation of supervision for new criminal conduct,

Generally, early termination of supervised release is not granted unless there are serious medical concerns, substantial limitations on employment, or extraordinary post-release accomplishments that would warrant such a release. *See United States v. Andrews*, No. 3:15-CR-2-CWR-LRA-1, 2022 WL 21295450, at *3 (S.D. Miss. Feb. 11, 2022); *United States v. Pittman*, No. 3:15-CR-221-O(1), 2020 WL 6564724, at *2 (N.D. Tex. Nov. 9, 2020). Although Carter appears to be on the right path, the court believes that additional time on supervised release appropriately reflects the seriousness of his offense, deters future criminal conduct, and provides the needed structure for his continued rehabilitation.

## III. RECOMMENDATION

Accordingly, for the reasons stated herein, the Defendant's motion (doc. #60) should be DENIED.

## IV. OBJECTIONS

Pursuant to 28 U.S.C. § 636(b)(1)(C), each party to this action has the right to file objections to this Report and Recommendation. Objections to this Report must (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, (3) be served and filed within fourteen (14) days after being served with a copy of this Report, and (4) be no more than eight (8) pages in length. *See* 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(2); E.D. TEX. CRIM. R. CR-59(c). A party who objects to this Report is entitled to a *de novo* determination by the United States district judge of those proposed findings and recommendations to which a specific objection is timely made. 28 U.S.C. § 636(b)(1)(C); FED. R. CRIM. P. 59(b)(3).

A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to *de novo* review by the United States district judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States district judge, *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc).

**SIGNED this the 22nd day of April, 2025.**

_____
Christine L Stetson
UNITED STATES MAGISTRATE JUDGE